USDC SCAN INDEX SHEET

















CGL    12/13/04    7:37
3:04-CV-01029   INTL DATA ENTRY CORP V. FASTRAC 24/7 CORP
*19*
*DECL.*

1  ARTHUR F. SLOANE (BAR #109937)
   ATTORNEY AT LAW
2  1850 FIFTH AVENUE
   SAN DIEGO, CA 92101
3  (619) 237-0689

4  Attorney for Plaintiff,
   INTERNATIONAL DATA ENTRY
5  CORPORATION

FILED

04 DEC 10 PM 12: 47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 INTERNATIONAL DATA ENTRY          )  CASE NO. 04CV1029 LAB (AJB)
   CORPORATION,                      )
11                                   )
                       Plaintiff,    )  DECLARATION OF ARTHUR SLOANE IN
12                                   )  SUPPORT OF MOTION AND MOTION TO
   v.                                )  COMPEL PRODUCTION OF DOCUMENTS
13                                   )
   FASTRAC 24/7 CORPORATION; ITHAKA )  Date: 12/17/04
14 HOLDINGS, INC.; DAVID AMES, and   )  Time: 9:00 a.m.
   DOES 1 through 100, inclusive     )  Judge: The Honorable
15                                   )         Anthony J. Battaglia
                       Defendants.   )
16 _____ )  ORAL ARGUMENT WILL ONLY BE HEARD UPON
                                        COURT REQUEST
17

18

19

20

21  I, ARTHUR SLOANE, declare:

22  1.  I am the attorney for the PLAINTIFF in the above titled matter.  I have

    personal knowledge of the foregoing and if called as a witness can
23
    competently testify thereto.
24
    2. Lodged as Exhibit 1 is the relevant portion of PLAINTIFF's Request for
25
    Production of Documents.
26
    3. Lodged as Exhibit 2 is the relevant portion of DEFENDANT's Response.
27
    4. Lodged as Exhibit 3 is my e-mail to Wayne Morrison , the Chief Financial
28

                                    - 1 -

DECLARATION OF ARTHUR SLOANE IN SUPPORT OF MOTION AND MOTION TO COMPEL
                    PRODUCTION OF DOCUMENTS

1  Officer of Defendant FASTRAC 24/7 CORPORATION until October 15, 2004 when

2  he resigned. In my e-mail, I summerized the conversation I had with Mr.

3  Morrison on November 23, 2004. In that conversation Mr. Morrison told me

4  that Defendant DAVID AMES routinely and indiscriminately took money out of

5  the Defendant FASTRAC 24/7 CORPORATION for his personal use by check and

6  cash. That DAVID AMES also had the corporation pay by check DAVID AMES

7  personal credit cards used for personal use. He also told me this led to the

8  down turn of FASTRAC 24/7 CORPORATION. The deposition of Wayne Morrison is

9  set for December 28, 2004 at 11:30 a.m. in Tucson, Arizona. ( The e-mail

10 says 10:30 a.m., yet this was subsequently changed in the subpoena to 11:30

11 a.m.)

12 5. Plaintiff has alleged alter ego against Defendant DAVID AMES.

13 Plaintiff'S position is FASTRAC 24/7 CORPORATION has not paid the

14 approximately $125,000 owed because DAVID AMES indiscriminately and

15 routinely took money out of the corporation for personal use causing the

16 corporation to have insufficient funds to pay its creditors. Defendant

17 FASTRTAC 24/7 CORPORATION has produced in discovery stamped approval of all

18 the invoices of PLAINTIFF indicating personnel of DEFENDANT performed their

19 own calculations to make sure PLAINTIFF's invoices were accurate. DEFENDANT

20 also produced in discovery a statement by DEFENDANT that any deficiency in

21 accuracy is not the fault of PLAINTIFF and that DEFENDANT needs to provide

22 information and criteria to PLAINTIFF which was not provided until mid March

23 2004. DEFENDANT further provided in discovery a document that shows there

24 was an agreed set formula that would determine the deduction amount from the

25 invoice of PLAINTIFF in the event PLAINTIFF was deficient in accuracy which

26 was to come into effect in late October 2003. Yet DEFENDANT never applied

27 this formula because of its acknowledgment that it needed to provide

28

- 2 -

1  PLAINTIFF with certain information and criteria before implementation and

2  kept on paying Plaintiff the full amount of the invoices and even paid

3  PLAINTIFF a bonus in November 2004.   PLAINTIFF's position is that

4  DEFENDANT'S unilateral decision to change the pricing in April 2004 and

5  apply it retroactive to September 2003 is because of DAVID AMES' depletion

6  of the corporations bank account for personal use.

7  6. The issue before this court is PLAINTIFF's Request for Production  No.

8  22 which requests the bank statements, cancelled checks, and check ledgers

9  of Defendant FASTRAC 24/7 CORPORATION from August 2, 2002 to the present.

10  DEFENDANT's response stated it was going to provide the documents. A few

11  weeks went by and DEFENDANT provided Documents to most of the other requests

12  yet DEFENDANT did not provide documents in response to No. 22. On December

13  3, 2004, a face to face meet and confer took place at DEFENDANT's attorney's

14  office between respective counsel. A subsequent phone conference took place

15  between respective counsel and the respective law clerk of this court on

16  December 7, 2004.   During the   December 7, 2004 phone conference, I

17  suggested a compromise in that DEFENDANT, whose office is in Tucson, bring

18  the requested documents to the deposition of Wayne Morrison; (WAYNE MORRISON

19  stated that the check ledger, all the original cancelled checks or copies

20  which are provided by the respective bank with the bank statements are at

21  the office of FASTRAC 24/7 CORPORATION). I suggested that DEFENDANT bring

22  the requested documents in order to allow MR. MORRISON to specifically

23  identify the checks that were used to pay for DAVID AMES personal expenses

24  so those specific documents could be attached to the deposition as an

25  exhibit. I also offered that DEFENDANT would not have to present the

26  documents to me until MR. MORRISON identified documents that in fact showed

27  that DAVID AMES was in fact using corporate funds for personal use.   Yet

28

DECLARATION OF ARTHUR SLOANE IN SUPPORT OF MOTION AND MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

1   DEFENDANT's attorney rejected the proposal.   As DEFENDANT is aware if the

2   documents are not available for MR. MORRISON's reference at his deposition

3   it would inhibit MR. MORRISON's testimony as he would not be able to state

4   all the specific checks from memory. The bank statements are needed to show

5   the limited amount of funds in the bank account at the time DAVID AMES was

6   taking corporate funds for personal use and is also relevant to show the

7   reason why DEFENDANT unilaterally wanted to change the agreement in April

8   2004.

9   7. PLAINTIFF's position is that the requested documents are relevant and

10  germane to this case and DEFENDANT is required to produce the documents.

11  It is PLAINTIFF's position that DEFENDANT and its attorney has not been

12  candid and up-front in this matter and its purpose is to stall and delay as

13  during the December 7, 2004 phone conference with the COURT's law clerk

14  opposing counsel stated that the checks were difficult to obtain when in

15  fact the CHIEF FINANCIAL OFFICER WAYNE MORRISON told me the DEFENDANT has

16  all the cancelled checks or copies. (WAYNE MORRISON told me that FASTRAC

17  24/7 CORPORATION changed banks a few months ago and the new BANK provides

18  copies of  the cancelled checks while the previous bank provided  the

19  original canceled checks.)

20   8. Furthermore, DEFENDANT's response states it will provide the documents

21  and now the documents are not being provided.

22   9.  As another example of DEFENDANT's delay tactics, a declaration was

23  submitted to the court by DEFENDANTS' attorney stating that DAVID AMES could

24  not attend a June 2004 settlement conference because of a medical reason

25  when in fact as MR.  MORRISON will testify, DAVID AMES sailed his personal

26  yacht from San Diego to Hawaii during the months of June and July and paid

27  for the hired professional sailor  he had with him with corporate funds.

28

DECLARATION OF ARTHUR SLOANE IN SUPPORT OF MOTION AND MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

1  PLAINTIFF's position is that Defense counsel is aware of this and this is

2  a reason why she does not want to produce the checks after her response

3  states she would.

4  I declare under penalty of perjury that the forgoing is true and correct.

5  Executed on December 8, 2004 in San Diego, California.

7                              Arthur Sloane

DECLARATION OF ARTHUR SLOANE IN SUPPORT OF MOTION AND MOTION TO COMPEL
PRODUCTION OF DOCUMENTS